UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUSTO E. ROQUE, JR. | CIVIL ACTION |
| VERSUS | NO. 15-6489 |
| McDONALD'S CORP OFFICE<br>McDONALD'S RESTAURANT'S<br>NEW ORLEANS, LA. ET, AL. | SECTION "N" (4) |

## ORDER AND REASONS

Before the Court is the "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" (Rec. Doc. 8), filed by the defendant, Bardellco LLC. The plaintiff, Justo E. Roque, Jr. ("Roque"), appearing *pro se*, opposes the motion. (*See* Rec. Doc. 10). Now, having reviewed the parties' submissions and the applicable law, the Court rules as stated herein.

### I. BACKGROUND

The instant case arises from an incident that occurred during Mardi Gras, when a McDonald's restaurant on Canal Street in New Orleans denied Roque use of its bathroom. As a result of the incident, Roque first sued the defendant in the First City Court for the City of New Orleans, asserting claims under state law and local ordinances, as well as the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101 *et seq.* (*See* Rec. Doc. 1-1 at p. 3).On an exception of no cause of action, the state court dismissed the case and entered final judgment on all but the ADA claim, expressly reserving Roque's right to bring the claim in federal court. (Rec. Doc. 1-2 at p. 3). Roque has done just that, asserting not only the ADA claim before this Court, but also re-urging claims of state law and city ordinance violations. In response, the defendant moves for dismissal, essentially

arguing that (1) Roque has failed to assert a cognizable claim under the ADA, and (2) the doctrine of res judicata bars the state law claims.

## II. STANDARD OF REVIEW

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. Id. (citing *Iqbal*, 556 U.S. at 680).

**III. LAW AND ANALYSIS**

**1. Roque's ADA Claim**

Although written in a way that is difficult to comprehend, Roque's complaint appears to assert federal claims under Titles I, III, and V of the ADA. However, Titles I and V are not applicable here: Title I, 42 U.S.C. §§ 12111-117, pertains to employment discrimination, and Title V, 42 U.S.C. §§ 12201-13, sets forth extraneous provisions such as attorney's fees and state immunity. Title III, on the other hand, addresses discrimination in places of public accommodation and is the only subchapter of the ADA remotely relevant to the case at bar. Pursuant to Title III, it is unlawful for "any person who owns, leases (or leases to), or operates a place of public accommodation" to discriminate against an individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S. C. § 12182(a). As clearly stated in the statute, an act of discrimination must be done *on the basis of disability* for there to be an actionable ADA claim under Title III. *See id.*

In the instant case, the complaint does not contain any discernable allegation that the restaurant refused to allow Roque use of its restroom based on a disability. In fact, the complaint seemingly admits that the restaurant had restricted use of its bathroom to paying customers only, a common business practice during Mardi Gras, and that it denied Roque access on that basis. Simply put, even when the complaint is viewed in the light most favorable to the plaintiff, Roque has failed to plead a cognizable claim under the ADA. Accordingly, dismissal of the claims brought under the ADA is warranted.

**2. Roque's Claims under Unspecified State Law and City Ordinances**

The doctrine of claim preclusion acts as a bar to the litigation of claims that either have been or should have been raised in a prior lawsuit. *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir.1999) (citing *Super Van Inc. v. San Antonio*, 92 F.3d 366, 370 (5th Cir.1996). For a claim to be precluded under the doctrine, the following four elements must be satisfied: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action concluded with a final judgment on the merits; and (4) the same claim was involved in both suits. *Southmark*, 163 F.3d at 934 (citing *Swate v. Hartwell*, 99 F.3d 1282, 1286 (5th Cir.1996)). With regard to the fourth element, the Fifth Circuit has adopted the transactional test of the Restatement (Second) of Judgments, § 24. *Southmark*, 163 F.3d at 934. Under the transactional test, the actual claim pled is not controlling. *See id.* Rather, "the critical issue is whether the two actions under consideration are based on 'the same nucleus of operative facts.'" *Id.*(qouting *In re Baudoin*, 981 F.2d 736, 743 (5th Cir.1993).

Here, all four elements of the above test are present. Roque's prior lawsuit involved the same parties and was adjudicated on the merits by a state court of competent jurisdiction. While Roque may not specify the state laws and city ordinances under which he brings his claims, it is evident that the two lawsuits, if not identical, share the same nucleus of operative facts. Accordingly, Roque is barred from re-litigating the claims before this Court.

## IV. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss is **GRANTED** and the case is hereby **DISMISSED**.

New Orleans, Louisiana, this 6th day of June, 2016.

                                              KURT D. ENGELHARDT
                                              United States District Judge